UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

MICHAEL MYERS,

        Plaintiff,

  -v-                                                               23-CV-6212-FPG
                                                                             ORDER

EMILY TROTT,
CRISTY TORRELLI,

        Defendants.
_____

## **INTRODUCTION**

*Pro se* Plaintiff Michael Myers, who is civilly confined at the STARC-Oakview treatment center, filed a civil rights action seeking relief pursuant to 42 U.S.C. § 1983. He alleges that his former defense attorney, Defendant Emily Trott ("Trott") and her paralegal, Defendant Cristy Torrelli ("Torrelli") violated NYCRR § 1210.1 and committed legal malpractice. ECF No. 1. Plaintiff has filed Motions seeking leave to proceed *in forma pauperis* ("IFP"), ECF No. 2, and to appoint counsel, ECF No. 3. He seeks monetary damages and declaratory relief. ECF No. 1 at 9.

Plaintiff has met the statutory requirements to proceed pursuant to 28 U.S.C. § 1915(a) and has submitted a signed authorization. His IFP Motion is GRANTED. The Court has conducted an initial review of Plaintiff's claims, as required under 28 U.S.C. § 1915(e)(2)(B). For the reasons discussed below, the Complaint is dismissed with prejudice. The Motion to appoint counsel is denied as moot.

**DISCUSSION**

I. **Legal Standard**

Sections 1915 provides "an efficient means by which a court can screen for and dismiss legally insufficient claims." *Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007) (citing *Shakur v. Selsky*, 391 F.3d 106, 112 (2d Cir. 2004)). The Court shall dismiss a complaint in a civil action if the Court determines that the action is (1) frivolous or malicious; (2) fails to state a claim on which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). Generally, the Court will afford a *pro se* plaintiff an opportunity to amend or to be heard prior to dismissal "unless the court can rule out any possibility, however unlikely it might be, that an amended complaint would succeed in stating a claim." *Abbas*, 480 F.3d at 639 (internal quotation marks omitted). However, leave to amend pleadings is properly denied where amendment would be futile. *See Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000); *Ruffolo v. Oppenheimer & Co.*, 987 F.2d 129, 131 (2d Cir. 1993) ("Where it appears that granting leave to amend is unlikely to be productive, . . . it is not an abuse of discretion to deny leave to amend.").

In evaluating the Complaint, the Court must accept all factual allegations as true and must draw all inferences in Plaintiff's favor. *See Larkin v. Savage*, 318 F.3d 138, 139 (2d Cir. 2003) (per curiam); *King v. Simpson*, 189 F.3d 284, 287 (2d Cir. 1999). "Specific facts are not necessary," and the plaintiff "need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal quotation marks omitted)); *see also Boykin v. Keycorp*, 521 F.3d 202, 216 (2d Cir. 2008) ("[E]ven after *Twombly*, dismissal of a [*pro se*] claim as insufficiently pleaded is appropriate only in the most unsustainable of cases."). Although "a

court is obliged to construe [*pro se*] pleadings liberally, particularly when they allege civil rights violations," *McEachin v. McGuinnis,* 357 F.3d 197, 200 (2d Cir. 2004), even pleadings submitted *pro se* must meet the notice requirements of Rule 8 of the Federal Rules of Civil Procedure, *Wynder v. McMahon*, 360 F.3d 73, 79 n.11 (2d Cir. 2004).

"To state a valid claim under 42 U.S.C. § 1983, the plaintiff must allege that the challenged conduct (1) was attributable to a person acting under color of state law, and (2) deprived the plaintiff of a right, privilege, or immunity secured by the Constitution or laws of the United States." *Whalen v. County of Fulton*, 126 F.3d 400, 405 (2d Cir. 1997) (citing *Eagleston v. Guido*, 41 F.3d 865, 875-76 (2d Cir. 1994)). "Section 1983 itself creates no substantive rights; it provides only a procedure for redress for the deprivation of rights established elsewhere." *Sykes v. James*, 13 F.3d 515, 519 (2d Cir. 1993) (citing *City of Oklahoma City v. Tuttle*, 471 U.S. 808, 816 (1985)).

To establish liability against a prison official under § 1983, a plaintiff must allege that individual's personal involvement in the alleged constitutional violation. *See McKenna v. Wright*, 386 F.3d 432, 437 (2d Cir. 2004). The theory of *respondeat superior* is not available in a § 1983 action, *see Hernandez v. Keane*, 341 F.3d 137, 144 (2d Cir. 2003), and "there is no special rule for supervisory liability," *Tangreti v. Bachmann*, 983 F.3d 609, 618 (2d Cir. 2020). "Instead, a plaintiff must plead and prove 'that each Government-official defendant, through the official's own individual actions, has violated the Constitution.'" *Id*. (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009)).

## II.     **Plaintiff's Allegations**[1]

On January 6, 2016, Plaintiff was admitted to the Central New York Psychiatric Center ("CNYPC") as a sex offender pursuant to Article 10 of the New York Mental Hygiene Law

---

[1] The recitation of facts is drawn from the Complaint, the contents of which must be accepted as true for purposes of initial review under 28 U.S.C. § § 1915(e)(2)(B) and 1915A(b).  *See Erickson*, 551 U.S. at 93-94.

("MHL"), following his release from state prison.[2] ECF No. 1 at 2. He had his first Article 10 trial on an unknown date and was civilly committed to New York State Office of Mental Health ("OMH") custody.[3]  *Id*.  The decision was overturned on appeal and his case was sent back to Supreme Court for a new trial to be conducted *pro se*.  *Id*.  Judge Timothy J. Walker assigned Plaintiff "several [l]egal [a]dvisors."  *Id.*  Plaintiff "had to release these" advisors "because they could not keep up [with his] demands for help."  *Id*.

In January 2023, Plaintiff received a letter stating that Emily Trott[4] was assigned to represent him at his Article 10 trial and he "must follow her rules if [he] wants her to continue on [his] case."  *Id*.  Trott advised Plaintiff that if he "wants Dr. Cervantes to examine [him]," he must contact her right away.  *Id*. at 3.  Plaintiff called Trott's office and spoke to Torrelli, who told him that she would pass on the information to Trott right away.  *Id*.  Judge Walker scheduled a conference on March 22, 2023, to sign Trott's order for Dr. Cervantes to review Plaintiff's records and examine him for trial.  *Id*.  Plaintiff wrote to Trott in January 2023, regarding his "terms" for her "to stay on," because unlike "an outside person," he was not able to interview her to be his lawyer.  *Id*.  Trott and Torrelli did not respond.  *Id*.  He spoke to someone at Trott's office on February 26, but he could not understand the person on the other end and had to disconnect the call.  *Id*.  He wrote another letter to Trott the same day, *id*., but she did not respond, *id*. at 4.  He

---

[2] "Effective on April 13, 2007, the New York Sex Offender Management and Treatment Act ("SOMTA"), codified in Article 10 of the MHL, authorizes the "civil management" of certain sex offenders after completion of their prison terms, parole terms, or other periods of state custody."  *Melendez v. Schneiderman*, No. 9:13-CV-622 GLS/ATB, 2014 WL 2154536, at *2 (N.D.N.Y. May 22, 2014).

[3] In accordance with the procedures set forth in Article 10, if a presiding court finds probable cause to believe that an individual is a sex offender in need of civil management, the court, among other things, sets a trial date to determine whether that individual is a detained sex offender who suffers from a mental abnormality.  *See* N.Y. Mental Hyg. Law § 10.06(k); *Roache v. Att'y Gen. Off.*, No. 9:12-CV-1034 LEK/DEP, 2013 WL 5503151, at *7 (N.D.N.Y. Sept. 30, 2013).

[4] The Complaint merely states that "she" was assigned to represent Plaintiff, which is reasonably understood to be a reference to Trott.  ECF No. 1 at 2, ¶ 7.

4

sent her another letter on March 13. *Id*. On March 16, Trott sent Plaintiff a letter, telling him that she was terminating her services because she could not meet his demands as her client. *Id*. On March 18, 2023, Plaintiff called Trott's office and left a message. *Id*. at 3.

Plaintiff appeared before Judge Walker on March 22, 2023, and the judge informed him that Trott did not appear or file the motion needed to remove herself from Plaintiff's case. *Id*. at 4. Plaintiff informed Judge Walker that he did not want Trott to be removed; he wanted to question her, but she did not respond to his calls and letters. *Id*. The judge rescheduled the conference for April 5, 2023 and advised Plaintiff that Trott was the last attorney that could work on Article 10 cases because the pool of attorneys was small in Erie County. *Id*. Judge Walker further advised him that doctors want to be hired by "only" attorneys, not *pro se* parties. *Id*. at 5.

Trott did not appear for the April 5 conference, and when Plaintiff spoke to Torrelli by phone on April 6, she informed him that they were no longer representing him. *Id*. Plaintiff told Torrelli that Trott needed to file a motion to be removed from the case and "testify on her motion," and that Trott was violating "22 NYCRR § 1210.1."[5] *Id*. Torrelli became upset and called Plaintiff a "controlled Freak." *Id*. Plaintiff filed a motion for sanctions, but he alleges that the judge is likely to be "on [Trott's] [s]ide" because she is an attorney. *Id*.

### III. Lack of State Action

As stated above, to state a claim under § 1983, Plaintiff must allege that the challenged conduct is attributable to a person acting under color of state law. *See Whalen*, 126 F.3d at 405. It is well settled that private and court-appointed attorneys are not persons action under color of state law "when performing a lawyer's traditional function." *Polk County v. Dodson*, 454 U.S.

---

[5] N.Y. Comp. Codes R. & Regs. tit. 22, § 1210.1 (requiring every New York attorney to post a Statement of Client's Rights providing clients, among other things, the following: "You are entitled to have your questions and concerns addressed promptly and to receive a prompt rely to your letters, telephone calls, emails, faxes, and other communications.")

5

312, 325 (1981); *see also Rodriguez v. Weprin,* 116 F.3d 62, 65–66 (2d Cir. 1997) ("[C]ourt-appointed attorneys performing a lawyer's traditional functions as counsel to defendant do not act 'under color of state law' and therefore are not subject to suit under 42 U.S.C. § 1983."); *McCloud v. Jackson*, 4 F. App'x 7, 9-10 (2d Cir. 2001) (summary order) (holding that even to the extent that defendant acted "as privately-retained counsel, rather than as a court-appointed attorney," he was not a person acting under color of state law for purposes of liability under § 1983).

In order for liability to attach under § 1983, an attorney must conspire with state actors to deprive the plaintiff of his or her constitutional rights. *See Dennis v. Sparks*, 449 U.S. 24, 28 (1980); *see also McCloud*, 4 F. App'x at 11 (finding that privately-retained counsel could not be held liable under § 1983 "because there was no showing that he worked with state officials to deprive [the plaintiff] of federal rights").

In this case, Plaintiff asserts no facts supporting a conspiracy between Defendant and a state official to violate his constitutional rights. "To state a § 1983 conspiracy claim against a private entity on a § 1983 conspiracy theory, the complaint must allege facts demonstrating that the private entity acted in concert with the state actor to commit an unconstitutional act." *Ciambriello v. Nassau County,* 292 F.3d 307, 324 (2d Cir. 2002). "[C]onclusory allegations are insufficient to state a § 1983 claim against [a private entity]." *Id*.

Here, no facts related to any type of conspiracy are alleged. *See, e.g.*, *Thompson v. Kline*, 504 F. Supp. 3d 200, 211 (W.D.N.Y. 2020) ("Because conspiracy claims are 'so easily made and can precipitate such protracted proceedings, detailed fact pleading is required" to withstand dismissal (alterations omitted) (quoting *Angola v. Civiletti*, 666 F.2d 1, 4 (2d Cir. 1981))). Consequently, the Complaint must be dismissed.

Because a better pleading would not cure the defects in Plaintiff's claims, amendment would be futile. Plaintiff simply alleges that Defendants failed to keep up regular communication, and Trott failed to appear for certain court conferences and timely file a motion to withdraw from his case. These actions fall squarely in the performance of a lawyer's traditional functions. Further, each cause of action listed in the Complaint is premised on a violation of state law. ECF Nos. 1 at 7-9. Having found that Plaintiff's allegations do not support a viable federal claim, the Court declines to exercise jurisdiction over Plaintiff's state law causes of action. *See Baylis v. Marriott Corp.*, 843 F.2d 658, 665 (2d Cir. 1988) ("When all bases for federal jurisdiction have been eliminated from a case so that only pendent state claims remain, the federal court should ordinarily dismiss the state claims."). Leave to amend the Complaint is denied.

## CONCLUSION

Plaintiff's Motion to proceed *in forma pauperis* is GRANTED. ECF No. 2. Plaintiff's federal-law claims are dismissed with prejudice, and his state law claims are dismissed without prejudice. Plaintiff's motion to appoint counsel is DENIED as moot. ECF No. 3. The Clerk of Court is directed to close this case as dismissed. The Court hereby certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this Order would not be taken in good faith, and leave to appeal to the Court of Appeals as a poor person is denied. Further requests to proceed on appeal as a poor person should be directed, on motion, to the United States Court of Appeals for the Second Circuit, in accordance with Rule 24 of the Federal Rules of Appellate Procedure.

IT IS SO ORDERED.

Dated: October 4, 2023
Rochester, New York

_____
HON. FRANK P. GERACI, JR.
United States District Judge
Western District of New York